**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4970**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

MICHAEL GERARD BROWN,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.   Patrick Michael Duffy, District
Judge.   (CR-02-123)

———————

Submitted:  September 15, 2004      Decided:  November 2, 2004

———————

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James A. Brown, Jr., LAW OFFICES OF JIM BROWN, P.A., Beaufort,
South Carolina, for Appellant.  James Strom Thurmond, Jr., United
States Attorney, Columbia, South Carolina, Miller Williams Shealy,
Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Michael Gerard Brown pled guilty before a magistrate judge to conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000). The district court sentenced Brown to 168 months, followed by five years of supervised release. Brown appeals his conviction.

Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious grounds for appeal. Brown was informed of his right to file a pro se supplemental brief and has failed to do so. Finding no reversible error, we affirm.

Counsel questions whether the magistrate judge properly conducted the Fed. R. Crim. P. 11 colloquy. Our review of the record leads us to conclude that there is no plain error in the plea proceeding. See United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir. 2002) (discussing standard of review). The magistrate judge fully complied with the mandate of Rule 11 in accepting Brown's guilty plea, and without a request from Brown for review of the Rule 11 hearing, the district court did not err by failing to conduct a de novo review of that hearing. See United States v. Osborne, 345 F.3d 281, 288 (4th Cir. 2003) (holding that taking a guilty plea is permissible as "additional duty" for magistrate judge and that de novo review by district court is not required unless parties so demand).

- 2 -

As required by <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Brown's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>